# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Matthew Baumgartner and<br>Daniel Keaton Miller,<br><br>   Plaintiffs,<br><br>v.<br><br>Woodruff Tobacco & Vapor LLC and<br>Himyar S. Rashani,<br><br>   Defendants. | C.A. No. _____<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiffs Matthew Baumgartner ("Baumgartner") and Daniel Keaton Miller ("Miller") (collectively referred to as "Plaintiffs") bring this claim against Defendants Woodruff Tobacco & Vapor LLC ("Woodruff Tobacco") and Himyar S. Rashani ("Rashani") (collectively "Defendants") based on the allegations set forth below.

## NATURE OF THE CLAIMS

1. This action is brought for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiffs also allege claims for violations of the S.C. Payment of Wages Act and South Carolina common law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Baumgartner is a citizen and resident of the County of Greenville, South Carolina.

3. Plaintiff Miller is a citizen and resident of the County of Greenville, South Carolina.

Page **1** of **7**

4. Defendant Woodruff Tobacco is a South Carolina company that does business in South Carolina. During all times relevant to this Complaint, Defendant Woodruff Tobacco operated and continues to operate multiple retail establishments in Greenville, South Carolina.

5. Upon information and belief, Defendant Rashani is a citizen and resident of Greenville County. He is the owner of Defendant Woodruff Tobacco, and he made all decisions related to the compensation of Plaintiffs.

6. Therefore, venue is proper in the Greenville Division, and this court has personal jurisdiction over Defendants.

7. This Court has subject matter jurisdiction over the FLSA claims in this lawsuit under 29 U.S.C. § 201 *et seq*. This Court also has supplemental jurisdiction over the state law claims for violation of the S.C. Payment of Wages Act, breach of contract, and unjust enrichment.

## FACTS

### (Plaintiff Baumgartner)

8. Defendant Woodruff Tobacco sells tobacco, hookah, and vaping supplies.

9. Plaintiff Baumgartner worked for Defendants from May 2021 until March 22, 2022.

10. From May 2021 until January 2022, Defendants paid Baumgartner an hourly wage for all hours worked.

11. Baumgartner started at $10/hour, which was increased eventually to $15/hour.

12. Baumgartner regularly worked 80 to 90 hours per week for Defendants.

13. However, Defendants never paid Baumgartner the overtime premium for any hours he worked over 40 in a given workweek. Instead, Defendants paid him his same hourly rate (straight time) for any hours worked.

14. Defendants deliberately failed to pay him the overtime premium of 1.5 x his hourly rate, as required by the Fair Labor Standards Act.

15. Further, Defendants failed to pay Baumgartner for all hours work. After reviewing Baumgartner's paychecks in more detail, Defendants failed to pay even straight time for many hours worked by Baumgartner, resulting in numerous unpaid hours in violation of the S.C. Payment of Wages Act and FLSA, and in breach of the contract between Baumgartner and Defendants.

**(Plaintiff Miller)**

16. Plaintiff Miller worked for Defendants from December 4, 2021 until March 22, 2022.

17. During his employment, Defendants paid Miller an hourly wage for all hours worked.

18. Miller started at $10/hour, which was increased eventually to $12/hour.

19. Miller regularly worked 80 to 90 hours per week for Defendants.

20. However, Defendants never paid Miller the overtime premium for any hours he worked over 40 in a given workweek. Instead, Defendants paid him his same hourly rate (straight time) for any hours worked.

21. Defendants deliberately failed to pay Miller the overtime premium of 1.5 x his hourly rate, as required by the Fair Labor Standards Act.

22. Further, Defendants failed to pay Miller for all hours work. After reviewing Miller's paychecks in more detail, Defendants failed to pay even straight time for many hours worked by Miller, resulting in numerous unpaid hours in violation of the S.C. Payment of Wages Act and FLSA, and in breach of the contract between Miller and Defendants.

**FOR A FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act—Failure to Pay Overtime)**

23. Plaintiff incorporates by reference all prior allegations into this cause of action.

24. Defendant Woodruff Tobacco is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000.00 and has employees engaged in interstate commerce. In addition, Plaintiffs are covered employees under the FLSA because they were involved in interstate commerce on a regular basis during their employment with Defendants.

25. Defendant Rashani is also an "employer" under the FLSA, as he is an owner of Defendant Woodruff Tobacco and made all decisions related to the compensation and payment of wages to Plaintiffs.

26. Plaintiffs routinely worked in excess of forty (40) hours per workweek for Defendant.

27. Defendants failed to pay Plaintiffs at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by the FLSA.

28. Plaintiffs are entitled to unpaid overtime pay.

29. The failure of Defendants to compensate Plaintiffs for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

30. Plaintiffs are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31. Plaintiffs are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

32. The work and pay records of Plaintiffs are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants'

liability can be ascertained. Plaintiffs request an order of this Court requiring Defendant to preserve such records during the pendency of this action.

## FOR A SECOND CAUSE OF ACTION
### (Unpaid Wages Under the S.C. Wage Payment Act)

33. Plaintiffs incorporates by reference all prior allegations into this cause of action.

34. Plaintiff earned "wages" for the work they performed, as defined under South Carolina Code § 41-10-10, *et seq*., in the form of hourly work.

35. Defendants meet the definition of "employers" under South Carolina law and under the Wage Payment Statute. Plaintiffs were employees of Defendants.

36. Despite efforts by Plaintiffs, Defendants have refused to pay all wages that are due to Plaintiffs.

37. Defendant Rashani knowingly permitted Defendant Woodruff Tobacco to violate the South Carolina Payment of Wages Act.

38. Defendants' failure to pay Plaintiffs their wages is willful and in bad faith, and there is no good faith dispute about whether Plaintiffs are owed their lawfully earned wages.

39. Plaintiffs are entitled to a judgment awarding all wages due, treble damages, pre-judgment interest, post-judgment interest, and reasonable attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

40. Plaintiffs incorporates by reference all prior allegations into this cause of action.

41. Plaintiffs and Defendants entered into enforceable contracts, whereby Defendants agreed to pay Plaintiff hourly wages for all hours worked.

42. Plaintiffs fully performed their contractual obligations required to earn their hourly wages.

43. Defendants breached the contract by failing to pay Plaintiffs the full amount of their hourly wages.

44. Plaintiffs have suffered damages from this breach.

### FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit)

45. Plaintiffs incorporates by reference all prior allegations into this cause of action.

46. Plaintiffs provided valuable services to Defendants through their employment efforts on Defendants' behalf.

47. These services were accepted, used, and enjoyed by Defendants. The services resulted in financial gain and significant income to Defendants.

48. Under the circumstances, Defendants understood and was notified that Plaintiffs expected to be paid for the services provided to Defendants.

49. To permit Defendants to retain the benefits of Plaintiffs' services without paying them for those services would unjustly enrich Defendants.

50. Plaintiffs are entitled to an award of the reasonable value of their services.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and against the Defendants as follows:

a. A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage and overtime compensation provisions of the FLSA, and have deprived Plaintiffs of their rights to such compensation;

b. An order requiring Defendants to provide a complete and accurate accounting of all the overtime compensation to which Plaintiffs are entitled;

c. An award of monetary damages to Plaintiffs in the form of back pay for unpaid overtime compensation due, together with liquidated damages in an equal amount, pursuant to the FLSA;

d. Injunctive relief ordering Defendants to amend its wage and hour policies to comply with applicable laws;

e. An award to Plaintiffs for unpaid wages;

f. Award Plaintiff treble damages pursuant to the S.C. Payment of Wages Act;

g. Pre-judgment interest;

h. Attorney's fees and costs; and

i. Award Plaintiffs such other legal and equitable relief as this Court may deem proper.

Respectfully Submitted,

**HORTON LAW FIRM, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
Fed. Bar No. 11387
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiffs*

May 2, 2022